NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SMITH, | No. 18-35263 |
| Plaintiff, | D.C. No. 3:14-cv-05974-RBL |
| and | |
| CALVIN MALONE, Robert Smith, other; GEORGE O. MITCHELL, Michael Johnson, other; DARREN PERKINS, Glenn Tilton, other; DARRELL KENT, | MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant, | |
| and | |
| KEVIN QUIGLEY, Secretary, Washington Department of Social Health Services; JOHN CLAYTON, Assistant Secretary of Juvenile Justice and Rehabilitation, Washington Department of Social Services; MARK STRONG, Chief Medical Director, Washington State Special Commitment Center; LESLIE SZIEBERT, Chief Medical Director, Washington State Special | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Commitment Center; CATHI HARRIS, Chief of Resident Life, Washington State Special Commitment Center; CRYSTAL MCCABE, Safety Officer, Washington State Special Commitment Center; RICHARD STEINBACH, Grievance Investigator, Washington State Special Commitment Center; TODD DUBBLE, Assistant Director of Residential Medical, Washington Special Commitment Center,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 12, 2019[**]
Seattle, Washington

Before: BOGGS,[***] BERZON, and WATFORD, Circuit Judges.

Residents detained at the Washington State Special Commitment Center sued Washington State under 42 U.S.C. § 1983, alleging that state officials violated their rights under the Eighth and Fourteenth Amendments by exposing them to environmental tobacco smoke ("ETS"). The district court granted summary judgment to the state, concluding that the residents' evidence failed to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

show that the exposure to tobacco smoke violated the plaintiffs' rights under either the Eighth or Fourteenth Amendment. Because the district court analyzed the plaintiffs' Fourteenth Amendment claim under improper Eighth Amendment standards, we vacate the district court's grant of summary judgment and remand for further proceedings consistent with this disposition.

1. "[C]onstitutional questions regarding the conditions and circumstances of [civil detainees'] confinement are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment." *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). Our circuit has "held that court decisions defining the constitutional rights of prisoners could be relied upon to establish *a floor* for the clearly established constitutional rights of persons who are civilly detained as sexually violent predators." *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (emphasis added). But we have also emphasized that "civilly detained persons must be afforded 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982)).

A pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must show that the conditions under which that detainee was confined "put the plaintiff at substantial risk of suffering serious harm." *Castro v.*

3

*County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).  The

plaintiffs here are entitled to at least this level of protection.  Pre-commitment

detainees are "entitled to protections at least as great as those afforded to [] civilly

committed individual[s] and at least as great as those afforded to [] individual[s]

accused but not convicted of a crime."  *Jones v. Blanas*, 393 F.3d 918, 932 (9th

Cir. 2004).  By contrast, an individual imprisoned upon conviction cannot succeed

by showing only that a condition of confinement put him at substantial risk of

suffering serious harm; under the Eighth Amendment's Cruel and Unusual

Punishment Clause, applicable to such individuals, the condition of confinement

must cause "suffering . . . inconsistent with contemporary standards of decency."

*Estelle v. Gamble*, 429 U.S 97, 103 (1976); *see also, e.g.*, *Helling v. McKinney*,

509 U.S. 25, 32–33 (1993).

Relying on a line of Eighth Amendment cases related to environmental

tobacco smoke, including *Helling*, the district court here held that the plaintiffs'

Fourteenth Amendment claim failed because the plaintiffs "have not demonstrated

that they are being forced to endure an amount of ETS that violates contemporary

standards of decency."  But, as just explained, the "contemporary standards of

decency standard" does not apply to the plaintiffs' claim.  The applicable

Fourteenth Amendment standard is more generous: A condition of confinement

may not violate our contemporary standards of decency, yet still create a

4

substantial risk of causing a plaintiff to suffer serious harm. *See Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982). Thus, the district court erred in applying the contemporary standards of decency standard to the plaintiffs' Fourteenth Amendment claim.

2. The District Court alternatively held that even if the plaintiffs had raised a genuine issue of fact as to their exposure to environmental tobacco smoke, they had demonstrated that defendants acted with deliberate indifference. But, here, again, the district court improperly imported Eighth Amendment jurisprudence into the Fourteenth Amendment context. Although a plaintiff must establish under the Eighth Amendment that the defendant official demonstrated "a *subjective awareness* of the risk of harm," *Castro*, 833 F.3d at 1068 (quoting *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010)), under the Fourteenth Amendment a pre-trial detainee need only prove that the official's conduct was "objectively unreasonable."[1] *Id.* at 1071. That is, the pre-trial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* Again, the plaintiffs here at minimum were entitled to the level of protection afforded by the Fourteenth Amendment standard for pre-trial detainees. *Jones*, 393

---

[1] We do not address here whether the current Fourteenth Amendment standard should apply during the qualified immunity analysis. *Cf. Horton ex rel. Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019).

F.3d at 932. So it was error to apply the less generous Eighth Amendment standard to the plaintiffs' claim. *See, e.g.*, *Gordon v. County of Orange*, 888 F.3d 1118, 1125 n.4 (9th Cir. 2018).

3. We remand for further proceedings consistent with this disposition. As the issues presented in this case are novel and non-frivolous, the district court should seriously consider appointing counsel upon remand.

**VACATED AND REMANDED.**